IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV49-1-MU

| | | |
|---|---|---|
| CORNELIUS TUCKER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DR. DAWKINS, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> (Doc. No. 1-2.), both filed February 7, 2008.

In his rambling and incoherent Complaint Plaintiff alleges a variety of constitutional claims and seeks thirty-five million dollars in damages and a transfer to a mental hospital.

By way of background, a review of the federal court's Party/Case Index reveals that Plaintiff has inundated the federal court system with hundreds of filings starting in 1989 and continuing through to the present. Indeed, as a result of his voluminous filings, Plaintiff has, at a minimum, been enjoined by at least three district courts from filing new actions absent leave of court. <u>See</u> <u>Tucker v. Storey</u>, No. 6:93-00687-NCT (M.D.N.C. 1993)(permanently enjoining plaintiff from filing actions absent leave of court); <u>Tucker v. Seiber</u>, No. 93ct215 (E.D.N.C. 1993)(permanently enjoining plaintiff from filing any new action absent leave of court), <u>aff'd</u> 37 F.3d 1496 (4th Cir. Oct. 18, 1994)(unpublished); <u>Tucker v. Clinton</u>, No. 95-02110-AER (D.D.C.

1995)(dismissing under § 1915 and ordering plaintiff to seek leave before filing any new action).

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, pursuant to 28 U.S.C. § 1915(e), a prisoner shall not bring a civil action or appeal a judgment in a civil action without the prepayment of fees or costs if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim. The only exception to this filing prohibition is if the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff has asked to be allowed to proceed in forma pauperis in this matter. (Doc. No. 1-2). As indicated above, this Court takes judicial notice of the fact that Plaintiff is a prodigious litigator who has filed hundreds of lawsuits in the federal court system. Plaintiff has had significantly more than three prior prisoner civil actions in federal court that were dismissed because they were found to be frivolous or because they failed to state a claim. See e.g., Tucker v. Wingrove, 6:05cv368; 6:05cv464; 6:05cv497; 6:05cv729; 6:05cv730 (S.D.W.V. 2005)(dismissing five Complaints as frivolous); Wagner v. Whipkey, 6:06cv943 (S.D.W.V. 2007)(dismissing Complaint as frivolous); Tucker v. Wilcox, 6:92cv267 (M.D.N.C. June 30, 1992)(Complaint dismissed as frivolous). Indeed, Plaintiff has already had numerous Complaints dismissed pursuant to the provisions of 28 U.S.C. § 1915(g). See Tucker v. Munns, 3:01cv772 (E.D. Va. 2002)(dismissing Complaint pursuant to § 1915(g)); Tucker v. Kearns, 1:00cv1217 (D.D.C. 2000)(same); Tucker v. Lee, 1:00cv01219 (D.D.C. 2000)(same).

In an attempt to circumvent § 1915(g)'s application, Plaintiff makes a broad, completely

unsupported, allegation that Defendant Jackson, the superintendent where he is incarcerated, has "solicited, several prisoner's to murder Tucker . . . ." Such an allegation is insufficient to avoid the application of § 1915(g). See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)("[v]ague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather the inmate must make specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."); See also Johnson v. Warner, 200 F. App'x. 270, 272 (Sept. 22, 2006 4th Cir.)(same)(unpublished) Consequently, because Plaintiff, a prisoner, has three "strikes" against him, his Motion to Proceed In Forma Pauperis is denied and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** pursuant to 28 U.S.C. 1915(g); and

2. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

Signed: February 22, 2008

Graham C. Mullen
United States District Judge

3